1807.

# Frink v. Scovel.

In the Court below,

DAVID FRINK, *Plaintiff*; SOLOMON SCOVEL, *Defendant.*

A sheriff having served a writ of attachment, returned it to the house of the clerk, and the clerk not being at home, left it with his wife, informing her what it was; but it was not entered in the docket of the court ; by reason of which, the creditor could not obtain judgment, and lost a great part of his debt : Held, that the sheriff was not liable for neglect of duty.

THIS was an action on the case, charging the defendant with neglect of duty, as a deputy-sheriff, relative to the return of a writ of attachment, in the plaintiff's favour ; by means of which neglect, the plaintiff lost his debt.

The general issue being pleaded, the jury returned the following special verdict : " That the defendant being a she-" riff's deputy for the county of New-London, did, as is " alleged by the plantiff in his declaration, receive, to serve " and return, a writ of attachment, dated the 30th of Sep-" tember, 1802, in favour of the plantiff, against *Joshua* " *Raymond*, returnable to the city court, to be holden in " New-London, on the first Monday of November then " next : That he proceeded with said writ to attach, and did " attach a number of cattle, the property of said *Raymond*, " and in every respect made legal service of said writ : That " he did, in due time, before the sitting of said court, and by " the hand of *Thomas Knight*, return said writ enclosed in a " wrapper, directed to *Lyman Law* Esquire, clerk of the " city court, in New-London, with directions to said *Knight*, " if the said clerk was not at home, to hand it to the wife of " said clerk, and inform her, that there was a city court " writ within the cover, for the next city court, from *Solo-* " *mon Scovel:* That said *Knight* did hand it to the wife of said " clerk, the clerk not being at home, and, in every respect " complied with the directions of said *Scovel ;* That said ci-" ty court did sit on the first Monday of November, and the " plantiff was in court to answer to said writ : That said writ " was not before said court, nor to be found on the files of

" the court ; of consequence, no judgment was obtained on
" said writ : That the plantiff then sued out a second writ
" against said *Raymond*, returnable to the next city court to
" be holden in New-London, *viz.* on the first Monday of
" December, 1802, by virtue of which writ, he again had
" the property of said *Raymond* attached, and regular ser-
" vice and return made of said writ ; but that previous to
" the said first Monday of December, 1802, a commission
" of bankruptcy, under the statute of the United States, es-
" tablishing a uniform system of bankruptcy, was issued a-
" gainst said *Raymond :* That the plantiff, in consequence
" thereof, was stopped proceeding on said suit, and the pro-
" perty of said *Raymond* held by virtue of said writ, to res-
" pond the judgment to be obtained against said *Raymond,*
" passed, with the other estate of said bankrupt, into the
" hands of said commissioners : That the plaintiff did then
" pursue his claim upon said bankrupt, by exhibiting the
" evidences of this same debt, for which he had, as before,
" sued said *Raymond*, to the commissioners on said bank-
" rupt's estate : That he proved his said debt before the
" commissioners, and received his dividend on said bank-
" rupt's estate."

Upon these facts, the Superior Court adjudged the law to
be so, that the defendant was *not guilty*.

*Peters*, (of Hebron) for the plaintiff in error.

The act incorporating the city of New-London requires,
that writs returnable to the city court, " shall be returned to
" the clerk of said court, on or before the day of the sitting
" of said court, and before the first opening of said court." (a)
The special verdict finds, that this writ was returned to
a different person, and was not entered in the docket of the

(a) *Stat.* 101, *edit.* 1796.

O o o

court, by means of which the plantiff lost his debt. The defendant was guilty of negligence in office, to the damage of the plantiff. The plantiff is, then, entitled to recover. The defendant, as deputy-sheriff, was not authorized by law, to entrust this writ to *Thomas Knight.* It was his duty to return it himself. At any rate, he took upon himself the *risk* of its being returned. He was an insurer of it, from the time it was served, till it reached the clerk's office.

The delivery of the writ to Mrs. *Law* was not a legal return. The records of our courts are not entrusted to women. Mrs. *Law* was under no legal obligation to hand this writ over to the court. If the defendant in this case is not liable, no body is.

Suppose this writ had been upon an indorsed note. The neglect to have it returned to the first court, would discharge the indorsor. The clerk of the court would not be liable, because it never came to his hands ; *Knight* would not be liable to the plaintiff, because the plaintiff never employed him, and did not know him in the business ; the attorney would not be liable, because no neglect could be imputed to him ; Mrs. *Law* would not be liable, because she was not bound to perform the service. The defendant, then, must be liable, or the plaintiff must be subjected to the loss of his security, without any fault of his own.

It is no excuse to the defendant, that *Knight* could not find the clerk. The sheriff is not to return, that he cannot do execution ; and if he is prevented, by the default of those who are under him, he is liable to the party. By the law, by his oath, and by his fees, he is bound to make actual re-return.

*A. Spalding*, for the defendant.

If *Knight* did not make such a return as would be good, if made by the sheriff, then we admit, that the sheriff is lia-

ble. But we contend, that if the sheriff leaves his writ at the place where the return is to be made, it is sufficient. He need not hunt up the clerk. No law imposes such a duty upon him, nor would he be entitled to any compensation for performing it. Suppose the clerk, at the time this return was to be made, happened to be at New-Haven, discharging his duty as member of the legislature : could the sheriff recover fees for pursuing him thither? The special verdict does not find, that it was through any fault of the sheriff, that the writ was not on the clerk's docket.

BY THE COURT, unanimously,

The judgment was affirmed.

## Kent *v.* Phelps.

In the Court below,

OLIVER L. PHELPS, *plaintiff ;* BENAJAH KENT, *defendant.*

THIS was an action on a promissory note.

The defence set up was *usury*.

On the trial to the jury, a deposition of *Seth P. Staples*, Esquire, was read, which, it was agreed, was true, and contained all the evidence in the case. It was, in substance, as follows: *Thomas Service* of New-York sent to *Staples* at New-Haven, an account against the defendant, for collection. Soon afterwards, *Staples* went to Suffield, where the defendant lived, to collect, or secure the debt. The defendant

The including in a note, given as security for an antecedent debt, a fair and reasonable charge for the expenses of the creditor in securing the debt, is not usury ; and whether such charge was fair and reasonable is a question of *fact* to be left to the jury.

Whether the including *seven per cent* interest in a note taken in this state, as security for a debt contracted in New-York, was a cover for usury, is also a question of *fact* to be left to the jury.